J-S18045-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM DENNIS BRANCH | : | |
| | : | |
| Appellant | : | No. 1762 MDA 2025 |

Appeal from the Judgment of Sentence Entered June 26, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000590-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM DENNIS BRANCH | : | |
| | : | |
| Appellant | : | No. 1763 MDA 2025 |

Appeal from the Judgment of Sentence Entered June 26, 2025
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0002137-2023

BEFORE: DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: AUGUST 11, 2026**

In these consolidated appeals,[1] William Dennis Branch (Appellant) challenges the discretionary aspects of the sentence imposed on June 26, 2025. Moreover, Appellant's counsel, Robert M. Buttner, Esquire, has filed an

---

[1] This Court consolidated Appellant's cases *sua sponte* on January 5, 2026, pursuant to Pa.R.A.P. 513.

***Anders***[2] brief and a petition to withdraw. After review, we grant counsel's request to withdraw and affirm Appellant's judgment of sentence.

Appellant was charged in two separate cases. In case No. CP-40-CR-0000590-2023 (case 590), Appellant was charged with two counts of simple assault (18 Pa.C.S. § 2701) and one count of harassment (18 Pa.C.S. § 2709). In case No. CP-40-CR-0002137-2023 (case 2137), Appellant was charged with two counts of possession of firearms prohibited, 18 Pa.C.S. § 6105(a)(1).

On March 10, 2025, the trial court granted the Commonwealth's motion to add a charge of recklessly endangering another person (REAP), 18 Pa.C.S. 2705, to case 590. Appellant then entered into a negotiated guilty plea to the REAP charge, with the Commonwealth withdrawing the remaining charges. At the same hearing, the trial court also accepted Appellant's plea to one count of persons not to possess a firearm on case 2137, graded as a misdemeanor of the second degree. There was no agreement as to Appellant's sentence. Defense counsel asked the court to acknowledge that Appellant had previously been deemed eligible to participate in the county's Intermediate Punishment Program (IPP).[3] The Commonwealth did not object. Further, the Commonwealth expressed no objection to the imposition of concurrent, standard range, probationary sentences on both matters. The trial court

---

[2] ***Anders v. California***, 386 U.S. 738 (1967).

[3] IPP is a court-supervised sentencing alternative for eligible nonviolent offenders, which is structured to provide a middle ground between probation and incarceration, and is governed by the County Intermediate Punishment Act, 42 Pa.C.S. §§ 9801-9813.

ordered a pre-sentence investigation (PSI) report and set a date for sentencing.

Appellant was sentenced on June 26, 2025. In case 590, Appellant was sentenced to serve 24 months of probation, to run concurrently with the sentence imposed on case 2137. On case 2137, the court imposed a sentence of 18 months of IPP, to include six months of house arrest. On July 7, 2025, Appellant filed a timely motion to reconsider his sentence in both cases.[4] On November 20, 2025, the post-sentence motion was denied by operation of law. Appellant then filed a timely notice of appeal on December 17, 2025.[5] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

---

[4] Because the tenth day following his sentencing fell on a Sunday, the motion to reconsider sentence filed on the following Monday, July 7, 2025, is considered timely filed. **See** 1 Pa.C.S. § 1908 (for computations of time, if the last day of any such period falls on a weekend or a legal holiday, "such day shall be omitted from the computation.").

[5] Pa.R.Crim.P. 720(B)(3)(a) provides that, if the trial court does not decide a post-sentence motion within 120 days of it being filed, the motion is deemed denied by operation of law. When a motion is denied by operation of law, the clerk of courts must enter an order to that effect and serve a copy of the order on the parties. Rule 720(B)(3)(c). Herein, Appellant's motion was deemed denied by operation of law by the clerk of courts on November 20, 2025, which is 136 days after filing. Nevertheless, this Court has previously held that a breakdown occurs when the clerk of courts fails to timely enter the order denying the post-sentence motion by operation of law and to notify the defendant of the same. **Commonwealth v. Rodriguez**, 174 A.3d 1130, 1138 (Pa. Super. 2017). Further, when an Appellant files their notice of appeal within 30 days of the untimely denial by operation of law, the notice of appeal is timely. **See Commonwealth v. Braykovich**, 664 A.2d 133, 138 (Pa. Super. 1995). Thus, we deem Appellant's notice of appeal to be timely filed.

Before addressing the merits of Appellant's sentencing challenge, we first must consider his counsel's request to withdraw. Counsel seeking to withdraw pursuant to *Anders* must satisfy certain procedural and substantive requirements. *Commonwealth v. Tejada*, 176 A.3d 355, 358 (Pa. Super. 2017). Procedurally, counsel will comply with the technical requirements of *Anders* by:

> (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant of the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention.

*Thompson*, 333 A.3d at 466.

> As to the substantive requirements, in the *Anders* brief counsel must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Once counsel has complied with all requirements, we review the record and render an independent judgment as to whether the appeal is wholly frivolous. *Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

- 4 -

Instantly, counsel has complied with all procedural and substantive requirements of **Anders** and **Santiago**. Counsel has filed an **Anders** brief which includes a procedural history of the case, along with a lengthy section entitled "Reasons why appeal is wholly frivolous." **Anders** Brief at 3-11, 17-21. Counsel has also filed an application to withdraw in this Court, to which he appended a copy of the February 19, 2026 letter that was sent to Appellant, advising Appellant of his rights to retain new counsel or proceed *pro se,* raising any additional claims.[6] Application to Withdraw as Counsel, filed 2/19/26, Exhibit A. Additionally, counsel provided Appellant with a copy of the **Anders** brief, which summarizes the history of this case, details why Appellant believes that his sentence is excessive, and explains counsel's assessment that Appellant's issue is wholly frivolous. Accordingly, we proceed to our independent review of the record in connection to Appellant's claim.

Appellant raises the following issue on appeal:

Whether the trial court imposed a manifestly excessive sentence by declining to impose a probationary sentence under Case No. 2137-2023 and instead imposing an IPP sentence with six (6) months of house arrest, and whether such sentence was clearly unreasonable?

**Anders** Brief at 13.

Appellant challenges the discretionary aspects of his sentence. Initially, we note that there is no absolute right to appeal the discretionary aspects of

_____

[6] We note that Appellant has not filed a response to the **Anders** brief in this Court.

a sentence. ***Commonwealth v. Mouzon***, 812 A.2d 617, 621 (Pa. 2002).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether [the] appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Commonwealth v. Morrobel***, 311 A.3d 1153, 1156 (Pa. Super. 2024) (citation and internal quotation marks omitted).

Here, counsel has satisfied the requirements necessary to invoke our review of the discretionary aspects of Appellant's sentence. Appellant filed a timely notice of appeal and preserved his sentencing claim in his timely post-sentence motion. Appellant's brief also includes the required statement under Pa.R.A.P. 2119(f). With respect to whether Appellant has raised a substantial question for our review, we note that "[a] substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted). We determine on a case-by-case basis whether an appellant has raised a substantial question regarding the discretionary aspects of his sentence. ***Commonwealth v. Shroat***, 272 A.3d 523, 527 (Pa. Super. 2022).

Herein, Appellant only challenges the sentence imposed on case 2137,

specifically the fact that the court imposed a sentence of IPP, with the first six months on house arrest, instead of just probation.

"'We examine an appellant's Pa.R.A.P. 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits.'" ***Morrobel***, 311 A.3d at 1157, quoting ***Commonwealth v. Hill***, 66 A.3d 359, 363-64 (Pa. Super. 2013).

As Appellant's 2119(f) statement is not lengthy, we reproduce it here.

> Appellant pled guilty to Count 1 – person not to possess firearms which, as stated above, carried an [offense gravity score] of "6" and … Appellant possessed a [prior record score] of "1". The Sentencing Guidelines set out a standard range sentence of 6-12 months. The trial court, though it could have sentenced … Appellant in the mitigated range of the sentencing guidelines, which provided for probation, it imposed an IPP sentence of 18 months with the first 6 months to be served on house arrest. The first 6 months house arrest falls at the bottom of the suggested standard range. Under the circumstances, imposing house arrest rather than probation was clearly unreasonable and an abuse of discretion.
>
> At sentencing, Appellant accepted responsibility by pleading guilty, maintained stable housing and employment up to and including the time of sentencing. In post-sentence motions, … Appellant again reiterated these reasons and requested probation rather than house arrest with electronic monitoring so that he may continue with his employment as a truck driver which might be in jeopardy if he were on electronic monitoring.
>
> … Appellant asserts that the trial court failed to consider these facts and, had the trial court considered such evidence, it would have served as mitigating evidence and

> basis for a sentence of probation rather than house arrest
> with electronic monitoring.

***Anders*** Brief at 12-13.

Appellant's claim is centered on the trial court's imposition of house arrest which may impact his ability to work as a truck driver. This was the same argument his counsel made during sentencing, which the trial court considered and rejected. However, Appellant fails to articulate in this 2119(f) statement the manner in which the instant sentence, 18 months of IPP with the first six months served on house arrest, violates a specific provision of the sentencing code or a particular norm underlying the sentencing process. ***See Grays, supra; Morrobel, supra.*** His claim that the court should have imposed probation rather than an IPP sentence with six months of house arrest does not raise a substantial question. ***Morrobel. See also Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) (stating, "this Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review"). Accordingly, we cannot review his challenge to the discretionary aspects of his sentence.

Appellant asks this Court to substitute our judgment for that of the sentencing court, which we plainly cannot do. We thus agree with counsel's assessment that this issue is frivolous. Moreover, our independent review of the record has discovered no other non-frivolous issue in this case.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

![signature: Benjamin D. Kohler]

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/11/2026